UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JAMIE LITTLEFIELD,
                    Appellant,

            v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
AT-0752-15-0408-I-1

DATE: February 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jamie Littlefield, Leesburg, Georgia, pro se.

Grant Jensen, Esquire, Albany, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective February 21, 2015, the agency removed the appellant from his GS-10 Supervisory Police Officer position. Initial Appeal File (IAF), Tab 4 at 18. The appellant timely filed an appeal with the Board regarding his removal. IAF, Tab 1.

¶3 During the processing of the appeal, the parties jointly requested to participate in the Board's Mediation Appeals Program. IAF, Tab 9. They subsequently entered into a settlement agreement, which was fully executed on August 25, 2015. *Id.*; IAF, Tab 10. In relevant part, the settlement agreement provided that the agency would: (1) rescind the removal action; and (2) restore the appellant to the position of GS-8, Step 9, Field Training Officer. IAF, Tab 10. The parties agreed that the Board would retain jurisdiction to enforce the agreement. *Id.* at 2.

¶4 The administrative judge issued an initial decision dismissing the appeal, in light of the appellant's request to withdraw it pursuant to the settlement agreement. IAF, Tab 11, Initial Decision (ID). She found that the Board had jurisdiction over the appellant's removal appeal and that the settlement agreement was lawful on its face. ID at 1. Further, she noted that the appellant represented that he understood the agreement and entered into it voluntarily. ID at 1. She entered the agreement into the Board's record for enforcement purposes. ID at 2.

¶5    The appellant has filed a petition for review, claiming that he entered into the settlement agreement based upon the agency's false statements. Petition for Review (PFR) File, Tab 1. The agency filed a response in opposition to the petition for review, to which the appellant did not reply.[2] PFR File, Tab 3.

¶6    A party may challenge the validity of a settlement agreement by showing, inter alia, that it was the result of fraud or misrepresentation. *Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶¶ 5, 7 (2000). Even if invalidity is not apparent at the time of settlement, the settlement agreement must be set aside if it is subsequently shown, by new evidence, that the agreement is tainted with invalidity by fraud or misrepresentation. *Id.*, ¶ 7. For the reasons set forth below, we find that the appellant's arguments do not warrant setting aside the settlement agreement on the basis of fraud or misrepresentation.

¶7    The appellant states that, during mediation, the agency represented that it could immediately place him into a GS-8 position. PFR File, Tab 1 at 4. He claims that, to the contrary, there was no GS-8 position into which he could be immediately placed when the agreement was fully executed. *Id.* He further asserts that a GS-8 position did not become available until September 20, 2015, and that, as of September 22, 2015, the date he filed his petition for review, the agency had yet to reinstate him.[3] *Id.*

¶8    In construing a settlement agreement, the Board will first consider the terms of the agreement itself, and will only examine extrinsic evidence if the terms of

---

[2] The agency states that its response was untimely filed by 2 days and "requests that an extension of time be granted after the fact." PFR File, Tab 3 at 4. However, the filing deadline of October 17, 2015, fell on a Saturday. Thus, the agency's response, submitted on Monday, October 19, 2015, was timely filed. *See* 5 C.F.R. § 1201.23.

[3] The agency concedes that it did not return the appellant to work until October 13, 2015, 49 days after the settlement agreement was fully executed. PFR File, Tab 3 at 7, 10. It is unclear whether the appellant is alleging that the agency breached the settlement agreement. To the extent he is attempting to raise this argument, we cannot decide that issue now. Rather, he must raise such a claim in a petition for enforcement to be decided in the first instance at the regional level. *See Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 8 (2010).

the agreement are ambiguous, meaning they are susceptible to more than one reasonable interpretation. *Harris v. Department of Veterans Affairs*, 99 M.S.P.R. 609, ¶ 4 (2005). The settlement agreement did not state that the appellant would be "immediately" placed into a GS-8 position. Rather, it stated that the agency would "act in good faith" to reinstate the appellant "as quickly as possible." IAF, Tab 10 at 2. Thus, regardless of whether the agency told the appellant during settlement negotiations that it would reinstate him immediately, we cannot find that he was misled when he voluntarily signed a settlement agreement that plainly stated otherwise.

¶9        The appellant also suggests that he only agreed to accept a GS-8 position because, during mediation, the agency falsely advised him that no GS-9 positions were available at that time. PFR File, Tab 1 at 4. However, in paragraph 2 of the settlement agreement, the parties agreed that neither party would be "bound by any representation, promise, nor inducement not set forth" therein. IAF, Tab 10 at 1. Thus, the appellant cannot now rely upon the agency's alleged assertion that no GS-9 positions were available, which is not set forth in the settlement agreement, to support his claim of misrepresentation. *See Hopkins v. Department of the Navy*, 83 M.S.P.R. 266, ¶¶ 7-8 (1999) (finding that the administrative judge erred in determining that a settlement agreement included an implied promise because the promise was not explicitly set forth in the agreement, which stated that neither party would be "bound by any representation, promise, or inducement not set forth" therein); *Colonel v. Department of the Air Force*, 38 M.S.P.R. 285, 290-91 (1988) (affirming the administrative judge's finding that a settlement agreement was not tainted by invalidity based on the appellant's assertion that an agency employee had violated an assurance upon which he relied in entering into the settlement because the assurance was not included in the agreement and the agreement stated that no promises or agreements not included therein would be binding upon the parties), *aff'd*, 980 F.2d 743 (Fed. Cir. 1992) (Table).

¶10    Based on the foregoing, we find no basis to set aside the settlement agreement. We therefore affirm the initial decision dismissing this appeal as settled.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.